UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC LAUDERDALE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:08 CV 135 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Eric Lauderdale, a *pro se* prisoner, filed this habeas corpus petition challenging the Westville Disciplinary Hearing Board's (DHB) finding in case number WCU 07-10-730 on November 17, 2007. In that hearing he was found guilty of possession of an electronic device, but on appeal it was changed to misuse/abuse of the telephone in violation of C361. (DE # 1-2 at 1.) Lauderdale raises two grounds in his petition.

First he argues that there was insufficient evidence to support finding him guilty. The report of conduct states,

> On 10/26/07, I Officer H. F. Bravo was monitoring Offender Phones in I.A. @ approx. 10:30 a.m., I monitored a call from Offender Lauderdale, Eric # 104452 off of WCU D-Pod to 317-632-4896 @ the 1:05 mark of this conversation you clearly hear Offender Lauderdale conspire with his intermediary callee to forward this call to a third party by using a cell phone and giving the phone number 574-855-3835, the intermediary callee does so and @ 1:56 mark you clearly hear her ask for Jeresa and Offender Lauderdale begins to speak, during this conversation the third party callee (Jeresa) also forwards another call to an unknown phone number but now you have Offender Lauderdale conspiring to attempt illegal activities with three individuals. This is prohibited by Administration Procedures # 02-01-105, Telephone Privileges, Section IV, Letters A, E, & G.

(DE # 1-2 at 2.) Standing alone, this report presents some evidence that Lauderdale misused the telephone.

Addressing a similar situation in *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), the Seventh Circuit ruled that:

> [f]or its decision, the CAB relied on Fields' disciplinary report. That report alone provides "some evidence" for the CAB's decision. The brevity of the report, which McPherson finds important, is not fatal because the report describes the alleged infraction in sufficient detail. There is no question that the conduct described would violate the prison rule.

*Id.* at 786. The court also explained that:

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Id.* (quotations marks and citation omitted). Here, there is some factual basis that Lauderdale misused the telephone, therefore his first ground is not a basis for habeas corpus relief.

Second, Lauderdale argues that, "the facts demonstrate plainly that prison rules impose a time limit on the time in which prison officials must charge, screen, and hear a disciplinary infarction." (DE # 1-3 at 5.) This argument merely alleges that the prison violated its own procedural rules, but "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted).

Lauderdale argues that the state has created a liberty interest by establishing these time limits and that violating them created an atypical and significant hardship. This argument misconstrues the meaning of both of these phrases.

> In light of the above discussion, we believe that the search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause. The time has come to return to the due process principles we believe were correctly established and applied in *Wolff* and *Meachum*. Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner*, 515 U.S. 472, 483-484 (1995) (citations and footnote omitted). Here, time limits for hearings are not themselves restraints on freedom that are atypical and significant hardships in relation to ordinary prison life. Even placement in segregation is not the deprivation of a liberty interest or an atypical and significant hardship because "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. Thus, establishing time limits for prison disciplinary proceedings did not create a liberty interest and violating those time limits did not create an atypical and significant hardship. Therefore ground two is not a basis for habeas corpus relief.

RULE 4 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS explains that:

> [i]f it plainly appears from the petition and any attached exhibits that the
> petitioner is not entitled to relief in the district court, the judge must
> dismiss the petition and direct the clerk to notify the petitioner.

Because this court holds that Lauderdale's claims do not merit relief, RULE 4 must be applied, and thus this habeas corpus petition is **DISMISSED**.

             **SO ORDERED.**

**DATE:** March 27, 2008

             s/James T. Moody
            JUDGE JAMES T. MOODY
            UNITED STATES DISTRICT COURT